IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY W. HADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-022 |
| | ) | |
| DEVENISH NUTRITION, LLC, and/or | ) | |
| A.B.C. that Foreign Limited Liability | ) | |
| Company, Corporation, individual | ) | |
| partnership, foreign non-profit corporation, | ) | |
| and profit corporation doing business as | ) | |
| the same on January 5, 2021, at 148 | ) | |
| Vigortone Road, Thomson, GA 300824, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of McDuffie County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

**I.     BACKGROUND**

As a result of falling while present as an invitee on the premises of Defendant Devenish Nutrition, LLC, Plaintiff alleges the business is liable for his medical expenses and damages for loss of quality of life. (See Compl., doc. no. 1-1.) Plaintiff filed this action in the Superior Court of McDuffie County, and Defendant Devenish Nutrition, LLC, filed a Notice of Removal on February 23, 2022, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, p. 2.) There is no specific amount of

damages claimed in the complaint beyond $10,836.33 in medical expenses. (Doc. no. 1-1, pp. 5-6.) Pre-removal, Plaintiff's counsel refused to stipulate to an amount of damages less than $75,000. (See doc. no. 1-3, Ex. C.)

On March 22, 2022, this Court issued an Order directing Defendant Devenish Nutrition, LLC, to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not facially apparent from the complaint that Plaintiff's claim exceeds the amount-in-controversy requirement. (Doc. no. 10.) In "Defendant's Response to Order to Show Cause," defense counsel argues the amount in controversy is satisfied because (1) Plaintiff claims "significant" and "severe" injuries which caused him to seek emergency hospital treatment for a head injury; (2) Plaintiff's counsel refuses to stipulate to damages below the removal threshold and has informed Defendant he intends to seek more than $75,000 in damages to include special damages and loss of quality of life, and (3) defense counsel's experience in personal injury law informs his opinion that the amount in controversy requirement is satisfied. (Doc. no. 11 and Ex. A, Bardack Aff.) There is no itemization of damages beyond the $10,836.33 in medical expenses delineated in the complaint. (See doc. no. 1-1, pp. 5-6.)

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v.

2

Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).  "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction.  See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  And the removing party must point to facts, not conclusory allegations, to meet its burden.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).  "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams, 269 F.3d at 1319.  Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly and Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)).  That is, the existence of jurisdiction should not be "divined by looking to the stars."  Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court.  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010).  Rather,

3

"courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendant Devenish Nutrition, LLC, has failed to meet its burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. The original complaint itemized only $10,836.33 in medical expenses. (Doc. no. 1-1, pp. 5-6.) Thus, based on the face of the complaint, at the time of removal, the case fell well short of the jurisdictional amount in controversy requirement. Defendant seeks to rely on Plaintiff's pre-removal refusal to stipulate to damages of less than $75,000, (doc. no. 1-3, Ex. C), and defense counsel's experience with personal injury cases to support jurisdiction. See Williams, 269 F.3d at 1319 (explaining "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" if amount not facially apparent from the complaint). However, neither is sufficient.

In regard to the email refusing to stipulate to damages less than $75,000, absent itemization or documentation in support, it is of no value to this Court's analysis because

4

"jurisdiction cannot be conferred by consent." Morrison, 228 F.3d at 1275. Likewise, the general request for future damages and ongoing pain and suffering damages provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention that amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity - all of which would continue in future - and complaint contained demand for both compensatory and punitive damages in unspecified amounts). Defendant has offered nothing to establish that once a case is removed, the Court must accept without question non-specific, conclusory assertions by defense counsel about his estimation of the value of the case when deciding whether jurisdictional requirements have been met.

Moreover, the suggested future medical expenses for Plaintiff's "significant" and "severe" injuries are not quantified at an amount that would push the case beyond the $75,000 jurisdictional threshold. In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses is not determinative. Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

As explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists. Morrison, 228 F.3d at 1275. Here, the Court cannot conclude the defense has met its burden to show by a preponderance of the evidence the value of this case meets

the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit. See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by*, 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, C.J); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

III.  **CONCLUSION**

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of McDuffie County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA